IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ERIC PREBE, on behalf of himself and all other plaintiffs similarly situated, | ) ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) Case No.: 1:18-cv-4767 ) |
| NORTHERN ILLINOIS CLINICAL LABORATORY LTD. d/b/a NICL LABS | ) ) ) ) |
| Defendant. | ) ) |

## CLASS AND COLLECTIVE ACTION COMPLAINT

NOW COMES Plaintiff Eric Prebe ("Eric" or "Plaintiff") on behalf of himself and all other plaintiffs similarly situated, by and through his attorneys, and for his Class and Collective Action Complaint against Defendant Northern Illinois Clinical Labs d/b/a NICL Labs ("NICL") states as follows:

### Nature of the Action

1. This civil action is brought by the above-named plaintiff who brings this class and collective action claim for minimum wages under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq*. ("FLSA") pursuant to 29 U.S.C. § 216(b) and under the Illinois Minimum Wage Law ("IMWL"), 820 ILCS § 105/1 *et seq* pursuant to Fed. R. Civ. Pro 23.

### Parties

2. Plaintiff performed worked for NICL during 2018.

3. Defendant NICL is an Illinois entity headquartered at 306 Era Drive, Northbrook, Illinois 60062.

4. Defendant owns and operates laboratory facilities through Illinois and provides on-site blood draws for laboratory testing.

5. Defendant is an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 203(s)(1)(A) of the FLSA.

6. During the last three years, Defendant's annual gross volume of sales made or business done has exceeded $500,000, exclusive of excise tax.

7. Defendant is the Plaintiff's "employer" as that term is defined by the FLSA. 29 U.S.C. § 203(d).

8. Defendant is the Plaintiff's "employer" as defined by the IMWL. 820 ILCS 105/3(c).

9. Plaintiff was Defendant's "employee" as that term is defined by the FLSA. 29 U.S.C. §203(e)(1).

10. Plaintiff was Defendant's "employee" as that term is defined by the IMWL. 820 ILCS 105/3(d).

## Jurisdiction and Venue

11. Subject matter jurisdiction is conferred on this Court by Title 28 U.S.C. § 1337 and by 29 U.S.C. § 216(b).

12. Venue is proper in this Judicial District as all of the events arising out of this case arose in this Judicial District.

## Factual Allegations

13. Plaintiff worked for NICL within the past three years.

14. Plaintiff is a trained phlebotomist.

15. Plaintiff discovered NICL was hiring phlebotomists and Plaintiff applied for a phlebotomist position.

16. The position's primary work duty was drawing blood from patients.

17. Plaintiff was told he had to undergo "training" for the position.

18. Plaintiff "trained" for two days.

19. Attendance at "training" was not outside of Plaintiff's regular working hours.

20. Attendance at "training" was not voluntary.

21. The "training" was directly related to Plaintiff's job.

22. Plaintiff performed productive work during the "training".

23. Plaintiff's "training" was drawing blood from patients to be tested by the laboratory.

24. NICL did not pay Plaintiff any wages for the work performed.

25. For instance, Plaintiff worked on May 9 and May 14, 2018 and was not compensated for this work.

26. When Plaintiff told Defendant he wanted to make money and work, he was told he had to "get faster" and was asked if he wanted to do more "training".

27. Plaintiff performed his job responsibilities for Defendant in the State of Illinois.

## CLASS AND COLLECTIVE ACTION ALLEGATIONS

28. Plaintiff seeks to maintain this suit as a Collective pursuant to 29 U.S.C. §216(b) and as a Class pursuant to Fed. R. Civ. Pro. 23 on behalf of himself and all other employees who were not compensated for their work for Defendant.

29. Plaintiff was not compensated for training.

30. Defendant has encouraged, permitted, and required the Plaintiff to train without pay.

31. Defendant has known that Plaintiff has been deprived of wages. Nonetheless, Defendant has operated under a scheme to deny the Plaintiff the required compensation.

32. The records, if any, should be in the custody or control of Defendant concerning the members of the asserted class, the number of hours actually worked by Plaintiff and all other

similarly situated employees, and the compensation actually paid, or not paid, to Plaintiff and such employees.

33. Plaintiff will fairly and adequately protect the interests of each proposed class member and has retained counsel that is experienced in class actions and employment litigation. Plaintiff has no interest that is contrary to, or in conflict with, members of the class.

### COUNT I - FAIR LABOR STANDARDS ACT
**(Plaintiff Individually and on Behalf of All
Similarly Situated Employees Pursuant to 29 U.S.C. §216)**

34. The Plaintiff re-alleges and incorporates by reference paragraphs 1-33.

35. Under the FLSA, Plaintiff and the Collective were entitled to be paid at the Federal minimum wage for all work performed.

36. Defendant failed to compensate the Plaintiff for training that was, in fact, productive work.

37. Upon information and belief, Defendant's practices were not based upon Defendant's review of any policy or publication of the United States Department of Labor and therefore was willful and deliberate.

38. Due to Defendant's violations of the FLSA, the Plaintiff and the FLSA Class is entitled to recover from Defendant their unpaid compensation, liquidated damages, reasonable attorney's fees, and the costs of this action, pursuant to 29 U.S.C.§216(b).

WHEREFORE, the Plaintiff requests the following relief, individually and on behalf of similarly situated employees:

A. A declaratory judgement that Defendant violated the wage provisions of the FLSA as to the Plaintiff and similarly situated employees;

B. A declaratory judgment that Defendant's violations of the FLSA was willful;

B. Unpaid compensation;

4

    B.     An additional amount equal as liquidated damages;

    C.     Prejudgment interest;

    D.     Reasonable attorneys' fees, and costs and disbursements of this action, pursuant to 29 U.S.C. § 216(b); and

    E.     Such other and further relief as this Court deems appropriate and just.

**COUNT II - ILLINOIS MINIMUM WAGE LAW**
**(Plaintiff Individually and on Behalf of All**
**Similarly Situated Employees Pursuant to Fed. R. Civ. Pro 23)**

39.    Plaintiff hereby alleges and incorporates Paragraph 1 through 38 of this Complaint, as is fully set forth herein.

40.    This count arises from Defendant's violation of the compensation provisions of the IMWL, 820 ILCS § 105/1 *et seq.*

41.    Under the IMWL, Defendant was and remains obligated to compensate Plaintiff, and similarly situated employees, at the Illinois minimum wage for all work performed.

42.    Plaintiff was regularly permitted, encouraged and/or required to w but was not compensated at the required minimum wage for training that was, in fact, productive work.

43.    By failing to pay compensation due to Plaintiff, Defendant willfully, knowingly and/or recklessly violated the IMWL which requires compensation of at least the Illinois minimum wage.

44.    As a result of Defendant's policy and practice of withholding compensation, Plaintiff has been damaged in that he has not received wages due to him pursuant to the IMWL.

WHEREFORE, Plaintiff requests the following relief individually and on behalf of similarly situated employees:

A. A Declaratory Judgement that Defendant violated the minimum wage provisions of the IMWL as to the Plaintiff and similarly situated employees;

B. A declaratory judgement that Defendant's violations of the IMWL were willful;

C. Unpaid compensation;

D. A judgment of punitive damages, including statutory interest of 2% per month, as provided by IMWL;

E. A judgement of reasonable attorney's fees and costs incurred in filing this action; and

F. Such other and further relief as this Court deems appropriate and just.

## DEMAND FOR JURY TRIAL

Plaintiffs demand a trial by jury on all questions of fact raised by this Complaint, including FLSA claims.

Dated: July 11, 2018                              Respectfully Submitted,

                                                  By: /s/ John Kunze
                                                  One of the Attorneys for the Plaintiff

David J. Fish
Kimberly Hilton
John Kunze
THE FISH LAW FIRM P.C.
200 E 5th Ave Suite 123
Naperville, IL 60563
(630)355-7590
(fax) (630)778-0400