IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| ERIC PREBE, on behalf of himself and all other plaintiffs similarly situated, | ) ) ) ) | |
| Plaintiffs, | ) | Case No.: 1:18-cv-4767 |
| v. | ) ) | |
| NORTHERN ILLINOIS CLINICAL LABORATORY LTD. d/b/a NICL LABS, | ) ) ) ) | |
| Defendant. | ) ) | |

## DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES

Northern Illinois Clinical Laboratories, Inc. ("Defendant" or "NICL"), for its Answer and Affirmative Defenses to Plaintiff Eric Prebe's Complaint against Defendant Northern Illinois Clinical Laboratories ("NICL"), states as follows:

### Nature of the Action

1. This civil action is brought by the above-named plaintiff who brings this class and collective action claim for minimum wages under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA") pursuant to 29 U.S.C. § 216(b) and under the Illinois Minimum Wage Law ("IMWL"), 820 ILCS § 105/1 *et seq* pursuant to Fed. R. Civ. Pro 23.

**ANSWER:** Defendant admits that Plaintiff's Complaint purports to state claims under the referenced statutes. Exceptions as so admitted, Defendant denies the allegations in paragraph 1.

### Parties

2. Plaintiff performed worked for NICL during 2018.

**ANSWER:** Defendant denies the allegations in paragraph 2.

3. Defendant NICL is an Illinois entity headquartered at 306 Era Drive, Northbrook, Illinois 60062.

**ANSWER:** **Defendant admits the allegations in paragraph 3.**

4. Defendant owns and operates laboratory facilities through Illinois and provides on-site blood draws for laboratory testing.

**ANSWER:** **Defendant admits the allegations in paragraph 4.**

5. Defendant is an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 203(s)(1)(A) of the FLSA.

**ANSWER:** **Defendant admits the allegations in paragraph 5.**

6. During the last three years, Defendant's annual gross volume of sales made or business done has exceeded $500,000, exclusive of excise tax.

**ANSWER:** **Defendant admits the allegations in paragraph 6.**

7. Defendant is the Plaintiff's "employer" as that term is defined by the FLSA. 29 U.S.C. § 203(d).

**ANSWER:** **Defendant denies the allegations in paragraph 7.**

8. Defendant is the Plaintiff's "employer" as defined by the IMWL. 820 ILCS 105/3(c).

**ANSWER:** **Defendant denies the allegations in paragraph 8.**

9. Plaintiff was Defendant's "employee" as that term is defined by the FLSA. 29 U.S.C. §203(e)(1).

**ANSWER:** **Defendant denies the allegations in paragraph 9.**

10. Plaintiff was Defendant's "employee" as that term is defined by the IMWL. 820 ILCS 105/3(d).

**ANSWER:** **Defendant denies the allegations in paragraph 10.**

### Jurisdiction and Venue

11. Subject matter jurisdiction is conferred on this Court by Title 28 U.S.C. § 1337 and by 29 U.S.C. § 216(b).

**ANSWER:** **Defendant admits the allegations in paragraph 11.**

12. Venue is proper in this Judicial District as all of the events arising out of this case arose in this Judicial District.

**ANSWER:** **Defendant admits the allegations in paragraph 12.**

## Factual Allegations

13. Plaintiff worked for NICL within the past three years.

**ANSWER: Defendant denies the allegations in paragraph 13.**

14. Plaintiff is a trained phlebotomist.

**ANSWER: Defendant admits that Plaintiff was a Phlebotomist when he applied for a job with Defendant. Except as so admitted, Defendant denies the allegations in paragraph 14.**

15. Plaintiff discovered NICL was hiring phlebotomists and Plaintiff applied for a phlebotomist position.

**ANSWER: Defendant admits the allegations in paragraph 15.**

16. The position's primary work duty was drawing blood from patients.

**ANSWER: Defendant admits that the job for which Plaintiff applied involved drawing blood from patients, among other tasks. Except as so admitted, Defendant denies the allegations in paragraph 16.**

17. Plaintiff was told he had to undergo "training" for the position.

**ANSWER: Defendant denies the allegations in paragraph 17.**

18. Plaintiff "trained" for two days.

**ANSWER: Defendant denies the allegations in paragraph 18.**

19. Attendance at "training" was not outside of Plaintiff's regular working hours.

**ANSWER: Defendant denies that Plaintiff had any "regular working hours" with Defendant and therefore denies the allegations in paragraph 19.**

20. Attendance at "training" was not voluntary.

**ANSWER: Defendant denies the allegations in paragraph 20.**

21. The "training" was directly related to Plaintiff's job.

**ANSWER: Defendant denies that Plaintiff ever had a job with Defendant, and therefore denies the allegations in paragraph 21.**

22. Plaintiff performed productive work during the "training".

**ANSWER: Defendant denies the allegations in paragraph 22.**

23. Plaintiff's "training" was drawing blood from patients to be tested by the laboratory.

**ANSWER: Defendant denies the allegations in paragraph 23.**

24. NICL did not pay Plaintiff any wages for the work performed.

**ANSWER: Defendant admits that it did not pay any wages to Plaintiff because Plaintiff was never employed by Defendant and Defendant therefore had no obligation to pay any wages to Plaintiff. Except as so admitted, Defendant denies the allegations in paragraph 24.**

25. For instance, Plaintiff worked on May 9 and May 14, 2018 and was not compensated for this work.

**ANSWER: Defendant admits that it did not compensate Plaintiff because Plaintiff was never employed by Defendant and Defendant therefore had no obligation to compensate Plaintiff. Further answering, Defendant states that it had no contact of any kind with Plaintiff on May 9 or 14, 2018, and therefore denies the allegations of paragraph 25**

26. When Plaintiff told Defendant he wanted to make money and work, he was told he had to "get faster" and was asked if he wanted to do more "training".

**ANSWER: Defendant denies the allegations in paragraph 26.**

27. Plaintiff performed his job responsibilities for Defendant in the State of Illinois.

**ANSWER: Defendant denies that Plaintiff was ever employed by Defendant and therefore denies the allegations in paragraph 27.**

### CLASS AND COLLECTIVE ACTION ALLEGATIONS

28. Plaintiff seeks to maintain this suit as a Collective pursuant to 29 U.S.C. §216(b) and as a Class pursuant to Fed. R. Civ. Pro. 23 on behalf of himself and all other employees who were not compensated for their work for Defendant.

**ANSWER:** **Defendant admits that Plaintiff's Complaint purports to maintain this suit as a Collective Action under the referenced statutes. Except as so admitted, Defendant denies the allegations in paragraph 28.**

29. Plaintiff was not compensated for training.

**ANSWER:** **Defendant admits that it did not compensate Plaintiff because Plaintiff was never employed by Defendant and Defendant therefore had no obligation to compensate Plaintiff. Except as so admitted, Defendant denies the allegations in paragraph 29.**

30. Defendant has encouraged, permitted, and required the Plaintiff, to train without pay.

**ANSWER:** **Defendant denies the allegations of paragraph 30.**

31. Defendant has known that Plaintiff has been deprived of wages. Nonetheless, Defendant has operated under a scheme to deny the Plaintiff the required compensation.

**ANSWER:** **Defendant denies the allegations of paragraph 31.**

32. The records, if any, should be in the custody or control of Defendant concerning the members of the asserted class, the number of hours actually worked by Plaintiff and all other similarly situated employees, and the compensation actually paid, or not paid, to Plaintiff and such employees.

**ANSWER:** **Defendant denies that it has custody or control of records reflecting hours actually worked by Plaintiff, as Plaintiff never worked for Defendant. Defendant admits that it has custody or control over the employment records of its employees. Defendant denies the remaining allegations of paragraph 32.**

33. Plaintiff will fairly and adequately protect the interests of each proposed class member and has retained counsel that is experienced in class actions and employment litigation. Plaintiff has no interest that is contrary to, or in conflict with, members of the class.

**ANSWER:** **Defendant lacks knowledge as to how the proposed class is defined or about the remaining allegations in paragraph 33 and therefore denies those allegations.**

## COUNT I - FAIR LABOR STANDARDS ACT

**(Plaintiff Individually and on Behalf of All
Similarly Situated Employees Pursuant to 29 U.S.C. §216)**

34. The Plaintiff re-alleges and incorporates by reference paragraphs 1-33.

**ANSWER:** **Defendant re-alleges its answers to paragraphs 1-33.**

35. Under the FLSA, Plaintiff and the Collective were entitled to be paid at the Federal minimum wage for all work performed.

**ANSWER:** **Defendant denies that Plaintiff was entitled to be paid under the FLSA. Defendant lacks knowledge as to how Plaintiff defines the "Collective" and therefore denies that allegation.**

36. Defendant failed to compensate the Plaintiff for training that was, in fact, productive work.

**ANSWER:** **Defendant denies that it ever employed Plaintiff, denies that Plaintiff ever performed any training or "productive work," and therefore denies the allegations of paragraph 36.**

37. Upon information and belief, Defendant's practices were not based upon Defendant's review of any policy or publication of the United States Department of Labor and therefore was willful and deliberate.

**ANSWER:** **Defendant denies the allegations of paragraph 37.**

38. Due to Defendant's violations of the FLSA, the Plaintiff and the FLSA Class is entitled to recover from Defendant their unpaid compensation, liquidated damages, reasonable attorney's fees, and the costs of this action, pursuant to 29 U.S.C.§216(b).

**ANSWER:** **Defendant denies the allegations of paragraph 38.**

## COUNT II- ILLINOIS MINIMUM WAGE LAW

**(Plaintiff Individually and on Behalf of All
Similarly Situated Employees Pursuant to Fed. R. Civ. Pro 23)**

39. Plaintiff hereby alleges and incorporates Paragraph 1 through 38 of this Complaint, as is fully set forth herein.

**ANSWER:** **Defendant re-alleges its answers to paragraphs 1-38.**

40. This count arises from Defendant's violation of the compensation provisions of the IMWL, 820 ILCS § 105/1 *et seq.*

**ANSWER:** **Defendant admits that Court II purports to state a claim under the cited statute. Except as so admitted, Defendant denies the allegations in paragraph 40.**

41. Under the IMWL, Defendant was and remains obligated to compensate Plaintiff, and similarly situated employees, at the Illinois minimum wage for all work performed.

**ANSWER:** **Defendant denies the allegations in paragraph 41.**

42. Plaintiff was regularly permitted, encouraged and/or required to w [sic.] but was not compensated at the required minimum wage for training that was, in fact, productive work.

**ANSWER:** **Defendant denies the allegations of paragraph 42.**

43. By failing to pay compensation due to Plaintiff, Defendant willfully, knowingly and/or recklessly violated the IMWL, which requires compensation of at least the Illinois minimum wage.

**ANSWER:** **Defendant denies the allegations in paragraph 43.**

44. As a result of Defendant's policy and practice of withholding compensation, Plaintiff has been damaged in that he has not received wages due to him pursuant to the IMWL.

**ANSWER:** **Defendant denies the allegations in paragraph 44.**

### AFFIRMATIVE DEFENSES

Defendant alleges the following as separate affirmative defenses to the individual, representative and putative class claims without assuming the burden of proof, where such burden is otherwise on the Plaintiff under applicable procedural law. Defendant reserves the right to add additional affirmative defenses should it become aware of such during the course of discovery.

1. The complaint fails to state a claim upon which relief may be granted.

2. Defendant invokes the defenses, protections and limitations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. ("FLSA").

3. Defendant invokes the defenses, protections and limitations of the Illinois Minimum Wage Law.

4. Some or all of the claims asserted in Plaintiff's complaint are barred by the equitable doctrines of laches, waiver, estoppel and/or unclean hands.

5. Plaintiff was not Defendant's "employee."

6. At all times, Defendant acted in good faith and had reasonable grounds for believing its actions were in compliance with the FLSA.

7. Defendant did not know or show reckless disregard for whether its conduct was prohibited by the FLSA.

8. This action is barred to the extent Plaintiff seeks recovery for time that is not compensable time under the FLSA or seeks payment of "wages" not due under the IMWL.

9. Plaintiff is not entitled to liquidated/punitive damages as Defendant did not act or fail to act in a manner sufficient to give rise to liquidated/punitive damages liability.

10. Plaintiff cannot satisfy the requirements of a collective action under the FLSA and some or all of the claims asserted in the Complaint are barred because Plaintiff is not similarly situated to the group of individuals he purports to represent, and/or the members of the group of individuals Plaintiff purports to represent are not similarly situated to each other.

11. Plaintiff cannot satisfy the requirements of a class action under FRCP 23.

WHEREFORE, Defendant Northern Illinois Clinical Laboratories, Inc. requests that the Court enter judgment in its favor and against Plaintiff, and order such other relief as the Court deems just and proper.

                                        Northern Illinois Clinical Laboratories, Inc.

                                        By:      /s/Robert K. Neiman
                                                   One of its Attorneys

Robert K. Neiman (6183605)
Laura Elkayam (6303237)
Much Shelist, P.C.
191 N. Wacker Drive
Suite 1800
Chicago, Illinois 60606
312-521-2000

## **CERTIFICATE OF SERVICE**

I, Robert K. Neiman, an attorney, hereby certify that on September 10, 2018, a true and correct copy of *Answer and Affirmative Defenses*, was electronically filed with the Clerk of the Court using CM/ECF, which will send electronic notification of such filing to all parties of record.

/s/Robert K. Neiman