IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| ERIC PREBE, on behalf of himself and all other plaintiffs similarly situated, | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Case No.: 1:18-cv-4767 |
| NORTHERN ILLINOIS CLINICAL LABORATORY LTD. d/b/a NICL LABS | ) ) ) ) ) | |
| Defendant. | ) | |

**JOINT INITIAL STATUS REPORT**

Meeting: Pursuant to Fed. R. Civ. P. 26(f), the attorneys for the Parties have talked several times about the claims and settlement, the last telephonic meeting was held on October 17 and was attended by John Kunze for Plaintiff and Robert Neiman for Defendant. The Parties report they are both interested in continuing settlement discussions and Northern Illinois Clinical Laboratory has voluntarily produced documents identifying potential class members.

1. **Nature of the Claims**

Plaintiff brings this collective action claim for unpaid wages and other relief under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, the Illinois Minimum Wage Law ("IMWL"), 820 ILCS § 105/1 *et seq.* alleging Defendant did not pay Plaintiff and similarly situated for work they performed for Defendant. Plaintiff alleges that Defendants' unlawful compensation practices have had the effect of denying Plaintiff and similarly situated their lawfully earned and living wages. Plaintiff brings the FLSA claim as a collective action pursuant to 29 U.S.C. § 216(b) and the state law claims as a class action pursuant to F.R.C.P. 23.

Plaintiff's claims are based on the following: Plaintiff, a phlebotomist, was required to undergo mandatory unpaid "training" before being hired by Defendant. This "training" was, in fact, work performed for Defendant, wherein Plaintiff was drawing blood from patients. Plaintiff "trained" for two days, was not compensated for this "training," and was told he needed to do additional "training" to "get faster."

Defendant disagrees with Plaintiff's characterization of "training," and contends that Prebe's time was part of pre-employment interviewing and vetting process, and was therefore non-compensable time under all relevant statutes.

**2.     Type of Discovery Needed**

At this time, the parties anticipate that discovery will be needed on the following subjects: hours worked, number of class members, damages (if any), Defendant's policies and procedures.

Plaintiff believes that records and reports and other documents should be in the possession of Defendant.

Defendant may require depositions from Mr. Prebe and other potential class members.

**3.     Discovery Plan**

The parties are cognizant of the costs of litigation and have been in discussions regarding settlement. They have participated in preliminary informal discovery that may help bring this case to an early resolution. The parties have also agreed to conduct Defendant's 30(b)(6) deposition to facilitate a settlement. In light of this, the parties propose the following plan in case they cannot reach an accord:

a.  Disclosures pursuant to Fed. R. Civ. P. 26(a)(1) to be made by November 30, 2018.

b.  The parties have discussed discovery of electronically stored information ["ESI"]. The parties acknowledge their obligation to take reasonable and proportionate steps for preserving relevant and discoverable ESI within their possession, custody, or control. The parties acknowledge, further, that requests for ESI, and responses to those requests, must be reasonably targeted, clear, and as specific as practicable. The parties propose the following methodologies for identifying ESI, eliminating duplicative ESI, developing filters or keywords for searches: The parties do not anticipate much in the way of electronic discovery.

c.  Plaintiff expects it will need approximately 2 depositions. Defendant expects it will need approximately five depositions.

d.  The Parties do not anticipate retaining experts under Rule 26(a)(2).

e.  All discovery to be completed by April 30, 2019.

f.  All dispositive motions should be filed by May 30, 2019.

g.  Final pretrial order: Plaintiff to prepare proposed draft by November 28, 2019; parties to file joint final pretrial order by December 15, 2019.

h.  The case should be ready for trial by January 1, 2020.


Dated: October 24, 2018                              Respectfully submitted,

                                                                                  By:/s/ John Kunze
                                                                                   One of Plaintiff's Attorneys


                                                                                 /s/ Robert Neiman
                                                                                 Robert Neiman
                                                                                 Attorney for Defendant


| | |
|---|---|
| David Fish | Robert Neiman |
| Kimberly Hilton | Much Shelist, P.C. |
| John Kunze | 191 N. Wacker Drive, Suite 1800 |
| The Fish Law Firm, P.C. | Chicago, IL 60606 |
| 200 E. 5th Avenue, Suite 123 | (312)521-2000 |
| Naperville, IL 60565 | |
| (630) 355-7590 | |